Robert G. ROCKY, Plaintiff-Appellant,

v.

Ray VITTORIE, et al.,
Defendants-Appellees.

No. 86–3272
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 7, 1987.

Robert G. Rocky, pro se.

J. Marvin Montgomery, Baton Rouge, La., for defendants-appellees.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

The district court in this case ordered that appellant's civil rights suit be continued, pursuant to 42 U.S.C. § 1997e, to require appellant to exhaust his administrative remedies. When the prison certified that appellant had not timely exhausted his administrative remedies, the district court ordered that appellant's case be dismissed with prejudice. We reverse.

## I

Appellant Robert Rocky, an inmate in the Louisiana State Penitentiary, filed this suit under 42 U.S.C. § 1983 claiming that various prison officers violated his civil rights. Rocky claims that the officers falsely accused him, both in a disciplinary report and before the prison disciplinary board, of possessing a contraband knife. The motive for the false accusations, Rocky claims, was Rocky's involvement with a prisoners' rights group. The disciplinary board found Rocky guilty of possessing the knife and of intimidating another inmate into confessing that the knife belonged to him. As a result of the board's ruling, Rocky was moved to a lockdown portion of the prison.

On December 23, 1985, the district court ordered that Rocky's case be continued for ninety days to require him to exhaust the administrative remedies available to him in the prison. Rocky accordingly submitted a copy of his complaint to the prison warden on January 3, 1986. The prison rejected the complaint, however, informing Rocky that he must present his grievance in the form of a letter to the warden rather than simply filing a copy of his federal complaint. Rocky alleges that he then resubmitted his grievance in the proper form on January 21, 1986. The prison, however, asserts that it did not receive the letter until February 20, 1986, well after the thirty days allowed by the prison procedures for filing grievances after a continuance by the courts.

On February 28, 1986, the state moved that Rocky's complaint be dismissed for

failure to exhaust administrative remedies. The motion was supported by an affidavit of the prison administrative assistant stating that Rocky's grievance had been rejected because it had not been timely submitted. Without holding a hearing or giving Rocky notice of its intent to rule, the district court granted the state's motion and entered a judgment on March 5, 1986, dismissing the suit with prejudice. Rocky appeals.

## II

■ Congress enacted the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997–1997j, in 1980 to protect the constitutional rights of persons in mental institutions and correctional facilities. As part of the act, Congress adopted what the Supreme Court has characterized a "specific, limited exhaustion requirement for adult prisoners bringing actions pursuant to § 1983." *Patsy v. Board of Regents,* 457 U.S. 496, 508, 102 S.Ct. 2557, 2563, 73 L.Ed.2d 172 (1982). In contrast to the normal absence of an exhaustion requirement for section 1983 suits generally, under 42 U.S.C. § 1997e, district courts have discretion to require an inmate to exhaust prison administrative remedies prior to having his case heard in federal court.

■ Before the exhaustion requirement can be invoked, the district court must find that such action "would be appropriate and in the interests of justice," 42 U.S.C. § 1997e(a)(1), and the administrative procedures must be certified by the United States Attorney General or the district court to be in compliance with statutorily defined minimum standards, *id.* § 1997e(a)(2), (b). The standards are designed to ensure that the administrative remedies are "plain, speedy, and effective." *Id.* § 1997e(a)(1). When these requirements are met the district court may continue the case for a period "not to exceed ninety days" to require exhaustion. *Id.* Congress believed this exhaustion requirement would reduce the heavy load of prisoner suits in federal courts, and at the same time facilitate improved relations between inmates and prison officials. *See*

S.Rep. No. 416, 96th Cong., 2d Sess. 34 (1979), *reprinted in* 1980 U.S.Code Cong. & Admin.News 787, 816.

■ The structure and purpose of section 1997e persuades us that Congress intended that district courts have power to dismiss suits, following a section 1997e continuance, if a prisoner fails to pursue his administrative remedies. Without the prospect of such a dismissal, a prisoner could circumvent the exhaustion requirement by simply doing nothing for ninety days and then resuming his litigation in the district court. To further Congress's intent to foster expeditious and congenial resolution of prisoner grievances, we believe a district court must have the power to enforce the exhaustion requirement with the threat of a dismissal with prejudice.

■ We do not believe, however, that Congress intended to bar from the federal courts prisoners who have reasonably and in good faith, but unsuccessfully, attempted to exhaust administrative procedures. We believe that the requirements that the case be continued rather than dismissed, that the district court find that continuance is in the interests of justice, and that the grievance procedure be found to meet minimum federal standards all demonstrate Congress's intent to strike a careful balance between recognizing the importance of a federal forum for civil rights suits and facilitating the expeditious resolution of such suits brought by prisoners. It would be inconsistent with this intent to apply mechanically the exhaustion requirement in such a way as to bar from federal court a prisoner who has diligently attempted to exhaust his administrative remedies.

■ We therefore conclude that the district court erred in dismissing Rocky's suit without considering whether Rocky had reasonably and in good faith pursued his administrative remedies. The record before us shows that Rocky, at least initially, promptly attempted to secure relief from the prison authorities. It was only because of the prison's requirement that he submit a grievance letter, rather than his federal complaint, that timeliness became

an issue. Accordingly, if Rocky did, in fact, mail his grievance letter within the thirty-day limit for doing so, we conclude dismissal with prejudice would be inappropriate, even though the prison itself may consider the claim procedurally barred. On remand, the district court should give Rocky an opportunity to present evidence in support of his contention that he made a good faith attempt to exhaust his administrative remedies.[1]

REVERSED AND REMANDED.

---

1. The district court's action in ruling on the state's motion only five days after it was filed was in apparent violation of the requirement in Fed.R.Civ.P. 56(c) that motions for summary judgment be served 10 days prior to the time fixed for a hearing. *See Hamman v. Southwestern Gas Pipeline, Inc.,* 721 F.2d 140, 142 (5th Cir.1983). On remand, Rocky should be given the appropriate opportunity to respond to the state's motion.

The state argues in its brief that the district court's ruling should be affirmed on the alternative ground that Rocky has failed to state a claim upon which relief may be granted. We leave this contention for the district court to address in the first instance.