865 F.2d 1258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Thomas LOCKLEAR, Plaintiff-Appellant,
v.
James E. JOHNSON, William P. Rogers, Defendants-Appellees.
 No. 88-6745.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1988.
Decided: Jan. 4, 1989.
 
 Charles Thomas Locklear, appellant pro se.
 Mark Ralph Davis (Office of the Attorney General), for appellees.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Thomas Locklear, a Virginia inmate, filed suit under 42 U.S.C. Sec. 1983. He contends in his complaint that the defendants imposed cruel and unusual punishment during prison lockdowns in November 1987 by subjecting him to unwholesome food, double cells without showers, improper ventilation that caused smoke inhalation, denial of prescription medication, and withholding of legal and personal mail. Locklear further contends in his complaint that the defendants are currently imposing cruel and unusual punishment by: overcrowding, prison violence, and problems in the physical plant, food service, medical department, administration, visiting area, delivery of mail, segregation and isolation units, educational facilities, counselors, recreation facilities, commissary, and classification of prisoners, so that the totality of conditions violates his constitutional rights. He also contends that he is denied access to a law library and effective assistance of counsel.
 
 
 2
 On March 15, 1988, the district court continued the case for ninety days to allow Locklear to exhaust his administrative remedies. On June 28, 1988, the district court dismissed the case because Locklear did not file a verified statement with copies of his grievance proceedings showing exhaustion of administrative remedies. Locklear filed a timely notice of appeal contending that the district court erred in dismissing his complaint. We agree.
 
 
 3
 Although exhaustion of state administrative remedies is not a prerequisite to bringing an action under Sec. 1983, Patsy v. Board of Regents, 457 U.S. 496 (1982), a district court may continue the action for no more than ninety days to require an inmate to exhaust administrative remedies that are certified to meet certain standards. See 42 U.S.C. Sec. 1997e. Furthermore, at the expiration of the continuance, the district court may dismiss the action if the inmate fails to pursue his administrative remedies. Rocky v. Vittorie, 813 F.2d 734, 736 (5th Cir.1987). When an inmate reasonably and in good faith, but unsuccessfully, attempts to exhaust his administrative remedies, however, then it is error to dismiss the case. Id. (remanding to determine whether good faith efforts made where record unclear).
 
 
 4
 The record in this case clearly shows that Locklear pursued his administrative remedies as directed by the district court and, before dismissal, had appealed most of his grievances through level three, which is generally the final level of appeal. Moreover, on June 10, 1968, three days before the expiration of the stay period, Locklear filed an affidavit with the district court stating that he had exhausted his administrative remedies.* Although Locklear did not respond in the precise form requested by the court, his response may be liberally construed to comply with the court's order. See generally Carter v. Hutto, 781 F.2d 1028 (4th Cir.1986).
 
 
 5
 Accordingly, we vacate the district court's dismissal and remand the case for consideration on the merits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The district court's statement in its dismissal order that Locklear had "failed to return to the court" after being directed to submit copies of the grievance proceedings suggests that the court did not see this later affidavit, which substantiates Locklear's claim that he pursued his administrative remedies