867 F.2d 608
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Doctor ELLIOTTE, Jr., Plaintiff-Appellant,
v.
Edward W. MURRAY; W.P. Rogers; L.M. Saunders; T.R.
Israel; Nurse Steward; C/O Deloach; Sgt.
Maddeen; C/O Bisit, Defendants-Appellees.
 No. 88-6054.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1988.
Decided: Jan. 17, 1989.
 
 Doctor Elliotte, Jr., appellant pro se.
 Eric Karl Gould Fiske (Office of the Attorney General); Janet Page Smith (McGuire, Woods, Battle & Moore), for appellee Steward.
 Before DONALD RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Doctor Elliotte, Jr., proceeding pro se, appeals from the order of the district court dismissing his action for failure to comply with a court order. In his complaint Elliotte contends he was removed from his prisoner status without due process of law and that he was subjected to medical neglect and mistreatment. The district court stayed the proceedings for 90 days to allow Elliotte to exhaust his administrative remedies and ordered Elliotte to file a verified statement showing he had exhausted his administrative remedies through the prison grievance procedures within 100 days of the order. At the conclusion of the 90-day period, Elliotte filed a "Motion for Judicial Notice," accompanied by prison grievance forms showing he had exhausted his remedies for one claim and that he made a good faith effort to completely exhaust his remedies for the second claim although, due to a clerical error, the prison authorities did not complete the final level of review before the expiration of the 90-day period. However, he did not file a verified statement of exhaustion form as requested by the court. The district court dismissed Elliotte's case. Because we find the district court abused its discretion in dismissing Elliotte's complaint, we hereby vacate and remand the case to the district court.
 
 
 2
 The district court's authority to order a prisoner plaintiff to exhaust his administrative remedies arises under 42 U.S.C. Sec. 1997e, part of the Civil Rights of Institutionalized Persons Act. The purpose of the Act is to protect the constitutional rights of incarcerated persons and provide a federal forum for civil rights actions. Rocky v. Vittorie, 813 F.2d 734, 736 (5th Cir.1987). It would be inconsistent with this intent to allow the exhaustion requirement to bar a prisoner "who has diligently attempted to exhaust his administrative remedies." Id.
 
 
 3
 The district court dismissed Elliotte's action for failure to comply with the technical requirement that a particular form be filed to demonstrate exhaustion under 42 U.S.C. Sec. 1997e. Not only does this defeat the purpose of the statute, but it fails to follow the general rule that pleadings filed by pro se litigants shall be broadly construed. Haines v. Kerner, 404 U.S. 519 (1972). This Court has established that a pro se litigant's response to a pre-trial order is sufficient if, construing the response liberally, it is in compliance with the order. Carter v. Hutto, 781 F.2d 1028 (4th Cir.1986).
 
 
 4
 The documents filed by Elliotte include his original grievance form filed with the prison showing his progress through the three levels of administrative review on his claim concerning the change in his prisoner status. He also filed copies of his grievance form on his medical neglect claim along with letters showing his good faith effort to exhaust his administrative remedies on this claim as well, although due to an error not of his own making, the final level of review was not completed within 90 days. These documents fully demonstrate exhaustion of administrative remedies as required by 42 U.S.C. Sec. 1997e.
 
 
 5
 Accordingly, we find that the district court abused its discretion in dismissing Elliotte's suit and vacate and remand this matter for further proceedings consistent with this order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 6
 VACATED AND REMANDED.