**Leopold Lee PEDRAZA, Plaintiff–Appellant,**

v.

**J. RYAN, et al., Defendants–Appellees.**

**No. 90–4614**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1990.

Leopold Lee Pedraza, pro se.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Plaintiff Leopold Pedraza appeals from the dismissal, for failure to exhaust administrative remedies, of his civil rights action brought pursuant to 42 U.S.C. § 1983. Finding no error, we affirm.

I.

Pedraza, a prisoner in the Texas Department of Criminal Justice (TDCJ), sued TDCJ officers Ryan, Smith, Newman, and Ritter. Pedraza alleged that the defendants violated his constitutional rights by harassing and humiliating him because (1) he is "a Brown Mexican" [sic]; (2) he submitted "a written statement against officer L. Dyess," who is a friend of Ryan's; (3) he associates with members of the "Black Moslem" [sic] religious sect; (4) he is known as a writ-writer; and (5) he attempted to help another inmate file an excessive force action against Dyess. Pedraza seeks damages and declaratory relief.

A *Spears* hearing, *see Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), was held at which Pedraza admitted that he did not exhaust administrative remedies by filing grievances with prison officials. The magistrate subsequently prepared a report recommending that the action be stayed for ninety days to allow Pedraza time to exhaust administrative remedies. The report also recommended that should Pedraza fail to exhaust within that time, the complaint should be dismissed with prejudice.

The district court conducted a *de novo* review and adopted the magistrate's report. Because Pedraza had not exhausted his administrative remedies within the ninety-day period, the action was dismissed with prejudice.

II.

The dismissal of Pedraza's claim for failure to exhaust administrative remedies does not constitute error. On appeal, Pedraza claims that state prisoners may not be held to stricter exhaustion requirements than are other civil rights claimants. He also states that TDCJ administrative remedies are inadequate and are abused by TDCJ officials.

Pedraza's argument fails. Prisoner suits may be handled differently from other section 1983 actions. "In contrast to the normal absence of an exhaustion requirement for section 1983 suits generally, under 42 U.S.C. § 1997e, district courts have discretion to require an inmate to exhaust prison administrative remedies prior to having his case heard in federal court." *Rocky v. Vittorie*, 813 F.2d 734, 736 (5th Cir.1987). The policy reason behind the requirement is to "reduce the heavy load of prisoner suits in federal courts, and at the same time [to] facilitate improved relations between inmates and prison officials." *Id.*

The administrative procedures of the Texas Department of Corrections (TDCJ's predecessor agency) have been certified by the district court to be in compliance with minimum standards as provided in 42 U.S.C. §§ 1997e(a)(2) and (b). *In re Texas Department of Corrections Grievance Procedure*, Misc. TY–89–57, MISC. H–89–316 (E.D.Tex. & S.D.Tex. June 14, 1989). Pedraza admitted at the evidentiary hearing that he did not try to exhaust his remedies.

On appeal, Pedraza now attaches to his brief a TDCJ "Inter–Office Communications" that states that "[t]he problem you state in this grievance, is not a grievable issue through the 'INMATE GRIEVANCE PROCEDURES.'" It is not clear whether this document is in relation to the instant claim, particularly since at the evidentiary hearing, Mr. McVey, administrator of the TDCJ grievance procedure, stated that Pedraza's claims constitute reviewable issues.

In any event, Pedraza does not claim to have gone through more than one step out of the three steps in the grievance procedure. Therefore, he did not exhaust administrative remedies. District courts have the power to dismiss prisoners' civil rights complaints with prejudice after granting a section 1997e continuance. *Rocky*, 813 F.2d at 736. Because no error was committed, we AFFIRM.