**William Hamilton GARTRELL, Plaintiff,**

v.

**R.S. GAYLOR, S.C. Webster, M.W. Countz, D. Doughty, Kent Ramsey, James A. Collins, Director, Texas Department of Criminal Justice–Institutional Division, and John Doe #1, Defendants.**

Civ. A. No. H–92–1892.

United States District Court, S.D. Texas, Houston Division.

Sept. 26, 1994.

Robert Scott Williams, Williams & Tinkham, Houston, TX, for plaintiff.

Ridgely C. Bennett, April L. Smith, Asst. Attys. Gen., Nancy K. Juren, Office of the Texas Atty. Gen., Austin, TX, for defendants.

### MEMORANDUM AND ORDER

LAKE, District Judge.

Pending before the court is Defendants R.S. Gaylor, George C. Webster, M.W. Countz, James A. Collins, David Doughty, and Kent Ramsey's Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket Entry No. 36). For the reasons explained below the motion will be granted.

### I. Facts and Procedural Background

Plaintiff, William Hamilton Gartrell, alleges that on April 27, 1990, while he was in his cell at the Ellis Unit II of the Texas Department of Criminal Justice, two correctional officers working under the supervision of defendant Gaylor were performing a seasonal, routine collection of inmate blankets. According to plaintiff, one of the officers yanked plaintiff's blanket from him. Plaintiff began shouting that he had a "*Ruiz* right" [1] to keep

---

1. *See Ruiz v. Estelle,* 503 F.Supp. 1265 (S.D.Tex. 1980), *aff'd in part, rev'd in part,* 679 F.2d 1115,

his blanket, and he shouted to other inmates that they had a "*Ruiz* right" to their blankets. Gaylor heard shouting and went to plaintiff's cell. One of the other officers on the scene began "blowing kisses" at plaintiff, and plaintiff stated "I would like to get permission from the Warden to take the officers to the gym and whip their asses." (Affidavit of William Hamilton Gartrell, Docket Entry No. 40) Gaylor then ordered that plaintiff be placed in prehearing detention for causing a disturbance and threatening an officer.

On April 30, 1990, plaintiff was notified of a disciplinary hearing regarding the events of April 27 and was assigned a substitute counsel to assist him. The disciplinary hearing was conducted on May 1, 1990, by defendant Webster. Gaylor did not testify at the hearing, but another officer who witnessed the events of April 27 did testify. An inmate witness testified on behalf of plaintiff. After hearing the evidence Webster found plaintiff guilty of creating a disturbance and threatening an officer. He assessed plaintiff a reduction in good time credits and sentenced plaintiff to solitary confinement for up to 15 days. Defendants Countz and John Doe[2] signed the disciplinary hearing report. Plaintiff appealed the decision by filing a first-level administrative grievance appeal. The appeal was denied on May 4, 1990, by defendant Doughty. Plaintiff filed a second-level grievance appeal, which was denied on May 21, 1990, by defendant Ramsey. Plaintiff filed a third-level grievance appeal, which was denied on June 29, 1990, by defendant Collins.

On June 26, 1992, plaintiff filed this civil rights action *pro se* and *in forma pauperis* (IFP) pursuant to 42 U.S.C. § 1983 alleging that certain officials at the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID) violated his constitutional rights. In his original complaint plaintiff alleged that:

(1) On April 27, 1990, TDCJ–ID officials manufactured disciplinary charges against him on the basis of a trivial incident;

(2) The charges against him were not filed to comport with TDCJ–ID procedures;

(3) He was improperly taken to prehearing detention as a result of the charges;

(4) The resulting disciplinary hearing that occurred on May 1, 1990, was not conducted in the manner required by TDCJ–ID procedures and resulted in his temporary placement in solitary confinement and loss of good time; and

(5) The subsequent administrative reviews of the hearing were not conducted impartially.

Plaintiff sought monetary damages for these claims.

On July 21, 1992, the court dismissed the action after concluding that all but one of plaintiff's claims were barred by the Texas two-year statute of limitations and that the only timely claim, the claim against defendant Collins arising out of Collins' June 29, 1990, denial of plaintiff's request to overturn the disciplinary charges against him, lacked an arguable basis in law and fact as required by 28 U.S.C. § 1915(d). (Order of Dismissal of July 21, 1992, Docket Entry No. 4)

On January 21, 1993, the Fifth Circuit vacated this court's judgment and held that:

(1) the district court erred in dismissing plaintiff's claims that accrued before June 26, 1990, because plaintiff had a colorable claim that the limitations period should have been tolled while he exhausted his administrative remedies; and

(2) the district court erred in dismissing plaintiff's claim against Collins because that claim, although supported by "few

---

and amended in part, vacated in part, 688 F.2d 266 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

**2.** Although plaintiff sued John Doe, plaintiff has never identified him. The court assumes that this defendant's identity has never been determined or that plaintiff has lost interest in pursu-

ing claims against this defendant because plaintiff has never sought service upon or requested assistance in locating this defendant. Accordingly, all claims against "John Doe" are **DISMISSED without prejudice** for want of prosecution. *See Colle v. Brazos County, Texas,* 981 F.2d 237, 242–243 (5th Cir.1993).

facts," was not "clearly baseless" as required for a § 1915(d) dismissal. *Gartrell v. Gaylor*, 981 F.2d 254, 258–259 (5th Cir.1993). The Fifth Circuit remanded the action with directions that this court consider (1) the tolling issue, (2) the claim against Collins on its merits, and (3) whether plaintiff's claims are cognizable in habeas corpus.[3] *Id.* at 258 n. 3, 259. The Fifth Circuit also suggested that counsel be appointed for plaintiff "because of the importance of the tolling issue." *Id.* at 259.[4]

## II. *Analysis*

Defendants seek dismissal or, alternatively, summary judgment[5] on all of plaintiff's claims for the following reasons:

(1) All but one of plaintiff's claims are barred by the applicable two-year statute of limitations;

(2) Plaintiff has failed to state a claim against Countz, Doughty, Ramsey, and Collins;

(3) To the extent plaintiff challenges his length of confinement he should be required to first exhaust his habeas corpus remedies; and

(4) Defendants are entitled to qualified immunity on all of plaintiff's claims.

The court will first address the statute of limitations issue because its resolution disposes of all but one of plaintiff's claims.

### A. Were plaintiff's claims tolled while he exhausted his administrative remedies?

 All but one of the plaintiff's claims accrued more than two years before plaintiff filed this action and thus, absent tolling, are barred by the applicable two-year statute of limitations. *Gartrell*, 981 F.2d at 257. Because there is no federal statute of limitations for § 1983 actions, courts apply the forum state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). When considering the timeliness of a prisoner's § 1983 action federal courts must also apply the state's tolling provisions to the statutory limitations period unless that provision is inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Board of Regents of University of State of New York v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).[6] If the forum state's tolling provisions are inconsistent with federal law, federal courts may use equitable principles to fashion their own tolling provisions. *Slack v. Carpenter*, 7 F.3d 418, 420 (5th Cir.1993); *Rodriguez v. Holmes*, 963 F.2d 799, 805 (5th Cir.1992). Plaintiff argues that under Texas law the limitations period for asserting his § 1983 claims was tolled while he exhausted his ad-

---

3. The court need not consider whether plaintiff's claims are cognizable in habeas corpus because plaintiff is not in custody as a result of the allegations of which he complains and because plaintiff has consistently disavowed his intention to challenge the fact or duration of his confinement and has only sought monetary relief. (Plaintiff was released from state custody during the pendency of this action. His current custody results from a revocation of mandatory supervision on February 4, 1994.) When asked to respond to the habeas corpus issue plaintiff specifically stated to his court-appointed counsel that he is "not contesting, in the instant suit, the duration of [his] confinement." (April 16, 1994, letter from plaintiff to R. Scott Williams)

4. The court appointed R. Scott Williams as counsel for plaintiff. Williams served with distinction and, since there are no funds to compensate court-appointed counsel for the value of their time in cases such as this one, in which their clients are unsuccessful, with considerable sacrifice to his own law practice until April 21, 1994,

when he withdrew at plaintiff's request. (Docket Entry Nos. 49 and 50)

5. Because all parties rely extensively on matters outside the pleadings the court will treat defendants' motion as one for summary judgment. Fed.R.Civ.P. 12(c); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir.1991), *cert. denied,* ── U.S. ──, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992).

6. Although the court must look to Texas law to determine the applicable limitations period, federal law governs when plaintiff's causes of action accrued. *Gartrell*, 981 F.2d at 257, *citing Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir.1980). Consequently, to the extent that plaintiff now argues that his claims regarding the incident for which he was disciplined, the disciplinary hearing, and the grievance appeals did not accrue until the denial of his final administrative appeal, the Court rejects this argument as contrary to the law of this case. *Id.* *Accord, Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992).

ministrative remedies because under § 7 of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997–1997j, the court could have required him to exhaust his administrative remedies before considering those claims. Alternatively, plaintiff argues that for reasons of equity and public policy, the statute of limitations should be tolled in this case.

### 1. *Tolling Under Texas Law*

Texas courts apply a common law tolling rule that provides:

> Where a 'person is *prevented* from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right.'

*Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex.1991), *quoting Walker v. Hanes,* 570 S.W.2d 534, 540 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.) (emphasis added). *See also Gartrell,* 981 F.2d at 257. Because the Texas tolling rule applies only to instances in which the pendency of legal proceedings prevent plaintiffs from pursuing legal remedies, plaintiff's claims cannot be tolled by the Texas rule unless the pendency of his grievance appeals prevented him from asserting his § 1983 claims.

■ In *Patsy v. Board of Regents of State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Supreme Court held that exhaustion of state administrative remedies is not a prerequisite to filing a § 1983 action. The *Patsy* Court recognized § 1997e as a narrow exception to the "no exhaustion" rule applicable solely to suits by state and local prisoners. Section 1997e(a)(1) provides

that adult prisoner plaintiffs may be required to exhaust state administrative remedies before proceeding with § 1983 actions, but only if a court finds that administrative exhaustion would be appropriate and in the interests of justice.[7] In addition, § 1997e(a)(1) mandates that courts ordering the exhaustion of state administrative remedies continue the prisoner's § 1983 action for up to 90 days to allow completion of the administrative process. Should a plaintiff fail to exhaust the administrative process during the 90–day continuance, the court may dismiss the action with prejudice. *Pedraza v. Ryan,* 18 F.3d 288, 289–290 (5th Cir.1990); *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir.1987). The Court is not persuaded that the exception to the "no exhaustion" rule contained in § 1997e justifies application of the Texas tolling rule to this action for two reasons.

■ First, § 1997e's statutory mandate directing courts to determine whether exhaustion is appropriate and, if so, to continue actions in which exhaustion is ordered, presupposes the filing of a lawsuit within the limitations period. Second, plaintiff did not pursue his administrative remedies as a result of a district court's § 1997e order. Instead, he exhausted his remedies by his own choice long before filing this action. He then waited until after limitations on most of his claims had expired before bringing this action. The fact that at the discretion of the district court plaintiff could have been required to exhaust his administrative remedies after filing this action does not support plaintiff's argument that § 1997e created an implicit prefiling exhaustion requirement that extended the limitations period.[8]

7. Section 1997e additionally provides that the exhaustion requirement can be imposed only if the "Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section." 42 U.S.C. § 1997e(a)(2). The inmate grievance procedures of the Texas Department of Criminal Justice–Institutional Division were certified by the United States district courts for the Southern and Eastern Districts of Texas by a joint Order signed on May 31, 1989. *See In re Texas Department of Corrections Grievance Procedure,* Misc. Ty–89–

00057; H–89–00316 (Order No. 89–19, entered on June 8, 1989).

8. To the extent that plaintiff argues that he was led to believe that exhaustion was required by statements on the civil rights complaint form for use in prisoner litigation available from the District Clerk's office, that argument lacks merit. The complaint form simply inquires whether a plaintiff has access to a grievance procedure, whether the plaintiff has used the procedure, what was the result of the procedure, or why the procedure had not been used. (Complaint, Docket Entry No. 1, ¶ II) The complaint does not contain any language that would reasonably

Because § 1997e presupposes the filing of an action within the limitations period, because federal law did not require plaintiff to exhaust his administrative remedies before filing this action, and because this court neither considered the question of whether administrative exhaustion would be appropriate in this case nor ordered the plaintiff to exhaust his administrative remedies in accordance with § 1997e, the pendency of plaintiff's administrative appeals did not prevent plaintiff from filing this action. Consequently, the Texas tolling rule does not provide a basis for tolling the limitations period in this case. *See Slack,* 7 F.3d at 418 (holding that Texas common law tolling rule did not apply to § 1983 plaintiff who voluntarily chose to litigate his claim in state court before filing his federal action); *and Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 464–67, 95 S.Ct. 1716, 1722–24, 44 L.Ed.2d 295 (1975) (requirement that plaintiff exhaust administrative remedies before filing a Title VII action did not equitably toll limitations for action under 42 U.S.C. § 1981).

### 2. *Equitable Tolling*

■ Plaintiff next argues that equitable and public policy principles support the tolling of limitations because such a rule will encourage the resolution of disputes within the prison system and discourage the filing of many prisoner civil rights actions. The court is not persuaded by this argument for two reasons. First, unless the Texas tolling provision is inconsistent with the remedial goals of § 1983, this court is not free to fashion its own tolling provision. *Hardin,* 490 U.S. at 537–539, 109 S.Ct. at 2000–2001; *Tomanio,* 446 U.S. at 484, 488–491, 100 S.Ct. at 1795, 1797–1799. *See also F.D.I.C. v. Dawson,* 4 F.3d 1303 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2673, 129 L.Ed.2d 809 (1994). Because the Fifth Circuit has not found the Texas tolling provision to be inconsistent with the remedial goals of § 1983, the mere fact that it does not afford plaintiff relief does not provide just cause for the court to fashion equitable relief. Second, assuming *arguendo* that the court were free to fashion equitable relief in this case the

court declines to do so. Because of the policies favoring limitations periods, exceptions used to toll them are applied sparingly. *Irwin v. Veterans Administration,* 498 U.S. 89, 94–95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). Equitable tolling is not warranted "where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* at 96, 111 S.Ct. at 458.

Notwithstanding plaintiff's tolling arguments, he had ample time to exhaust his administrative remedies and still file a lawsuit within the limitations period. The blunt facts are that plaintiff exhausted his administrative remedies at all levels within a little over two months from the initial incident forming the basis of this action. He then waited almost two years to file this action. Plaintiff's unexplained delay in filing this action was not based upon a requirement, an order, a failure, or even a future opportunity to pursue an administrative remedy. As the Fifth Circuit aptly explained in *Wilson v. Zapata Off-Shore Co.,* 939 F.2d 260, 268 (5th Cir.1991), "[a]t some point, the right to be free of stale claims comes to prevail over the right to prosecute them."

### B. Plaintiff's Remaining Claim Against Collins

■ Plaintiff argues that defendant Collins did not properly fulfill his duties in reviewing plaintiff's grievance because if he had, he would have discovered that plaintiff's civil rights had been violated at the disciplinary hearing and during the events preceding the hearing. (Plaintiff's Affidavit) Assuming *arguendo* that plaintiff's allegation of neglect by Collins is sufficient to overcome Collins' presumptive entitlement to qualified immunity, it fails on its merits.

"In reviewing prison administrative actions in section 1983 actions, the court must uphold the administrative decision unless it was arbitrary and capricious." *Stewart v. Thigpen,* 730 F.2d 1002, 1005 (5th Cir.1984) (citing *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir.1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982)). A deci-

lead a plaintiff to believe that his complaint would be rejected by the court if he failed to

exhaust his administrative remedies through the grievance procedure.

sion is not arbitrary and capricious if it was made "by a specific exercise of professional judgment and on the basis of factors clearly bearing on the appropriateness [of the decision at issue]." *Spuler v. Pickar*, 958 F.2d 103, 107 (5th Cir.1992) (applying the arbitrary and capricious standard in the faculty tenure context) (citation omitted).

In his grievance plaintiff complained that his "threat" against the officer was not really a threat and that evidence presented at the hearing supports his position. Plaintiff also complained of an error on the disciplinary hearing report that states that the charging officer testified when in fact he did not. In response to these complaints Collins concluded:

> Review of major disciplinary case # 554910 indicates that your case appears to have received thorough and impartial treatment. Disciplinary proceedings were handled appropriately in accordance with department regulations and relevant court decisions. You have failed to provide evidence that the unit disciplinary hearing officer either violated procedure or abused discretion while considering the facts relevant to your case. A technical error exists in the documentation on the hearing record; however, [sic] does not provide sufficient reason to overturn the case. The accusing officer was not present at the hearing but you neither requested his presence prior to the hearing nor did you present non-frivolous evidence requiring his presence. It is further noted that Officer Sowell, who had direct knowledge of the incident, was present and testified at the hearing. This office finds insufficient reason to overturn the decision of the unit disciplinary hearing officer. The decision shall therefore, stand as rendered. Appeal denied.

Because Collins' response reflects that he investigated plaintiff's complaints but rejected them for several carefully explained, relevant reasons, it is not arbitrary and capri-

cious. Thus, plaintiff cannot establish that Collins' violated plaintiff's constitutional rights by failing to adequately review plaintiff's grievance.

Plaintiff's claim also fails to the extent that plaintiff is attempting to argue that Collins made his decision to deny plaintiff's grievance in retaliation for plaintiff's writ writing, litigiousness, and reliance on his *Ruiz* rights. Plaintiff's only support for this is his statement that his "reputation as a writ writer ... was well known among the inmate population and among the guards in my unit" and that "[i]t was common knowledge within the TDCJ that [legal activities] were resented by TDCJ officials." (Plaintiff's Affidavit at ¶ 10) Because this general allegation does not even mention Collins it is insufficient to create a genuine issue of material fact on the issue of Collins' alleged retaliation. Furthermore, Collins has presented competent summary judgment evidence that he has no recollection of any legal activities by plaintiff. (Collins Affidavit, Exhibit to Defendants' Reply, Docket Entry No. 48) Because plaintiff relies solely on conclusory allegations to support his retaliation claim against Collins, Collins is entitled to summary judgment on this claim.[9] *See, e.g., Moody v. Baker*, 857 F.2d 256, 258 (5th Cir.), *cert. denied*, 488 U.S. 985, 109 S.Ct. 540, 102 L.Ed.2d 570 (1988) (dismissing claim of retaliation as frivolous where claim is supported only by conclusory allegations).

### III. *Plaintiff's Other Allegations Regarding His Current Confinement*

■ In several *ex parte* letters to the court plaintiff has raised allegations regarding his more recent, current confinement. He complains that he has pain in his hand for which he has been denied treatment, that the Middleton State Transfer facility does not meet *Ruiz* standards, that the state should restore his good conduct time, and that he has not been given a comb and other items.[10]

---

**9.** Plaintiff's statements in *ex parte* letters to the court that he has summary judgment evidence that certain individuals (not Collins) have perjured themselves and that he needs the court's assistance to help him bring this evidence to light, is not relevant to the disposition of this claim and does not justify either a delay in ruling

on the merits of this action or the transfer of plaintiff to the Wood County Jail (as plaintiff has repeatedly requested).

**10.** Plaintiff also complains that his mother told him that a deputy clerk told her that the court had not received any mail from plaintiff since

The court will not permit plaintiff to bring new allegations in this action that are unrelated both temporally and in subject matter to the claims forming the basis of this action. To the extent that plaintiff's claims address rights to which he is entitled by virtue of *Ruiz* plaintiff should bring those claims in the *Ruiz* action. To the extent that plaintiff's claims address other alleged constitutional deprivations plaintiff should bring them in a separate action.

### IV. *Conclusion*

Defendants' Motion for Summary Judgment (Docket Entry No. 36) is **GRANTED.** All but one of plaintiff's claims are time-barred and no basis for tolling exists. Plaintiff has failed to bring forth a genuine issue of material fact on his remaining claim. To the extent that plaintiff's *ex parte* letters to the court are a request for leave to amend to add new claims, the request is **DENIED.**

### *FINAL JUDGMENT*

In accordance with the court's Memorandum and Order granting Defendants' Motion for Summary Judgment, this action is **DISMISSED.**

This is a **FINAL JUDGMENT.**

May 17, 1994 (September 16, 1994, letter from plaintiff to clerk of court, Docket Entry No. 53). To the extent that this letter attempts to assert a claim against defendants for interference with

his access to the court it has no merit. The court's file includes a number of letters from plaintiff, including four letters since May 17, 1994.