United States Court of Appeals,

Fifth Circuit.

No. 94-30151.

Hubert ARVIE, Bro., Plaintiff-Appellant,

v.

Richard L. STALDER, Warden, Wade Correctional Center, et al.,
Defendants-Appellees.

June 2, 1995.

Appeal from the United States District Court for the Middle
District of Louisiana.

Before REYNALDO G. GARZA, GARWOOD and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Hubert Arvie (Arvie) appeals the district

court's dismissal of his 42 U.S.C. § 1983 suit for failure to

exhaust administrative remedies under 42 U.S.C. § 1997e(a)(1).  We

affirm.

## Facts and Proceedings Below

Arvie, an inmate at the Dixon Correctional Institute in

Jackson, Louisiana, filed this section 1983 suit on January 27,

1993, against numerous prison officials, alleging various

constitutional violations associated with his confinement.[1]  In his

---

[1]On April 5, 1993, Arvie filed an amended complaint.  Arvie
named some thirty-five defendants, including the prison
basketball coach, the mayors of Jackson, Louisiana, and Baton
Rouge, Louisiana, a fellow inmate, and a "Ms. John Doe," the
mother of the fellow inmate.  Arvie alleged, *inter alia,* that he
was denied access to the courts and the right to correspond in
violation of the First Amendment;  that he was denied adequate
medical care, ventilation, sanitation, and recreation in
violation of the Eighth Amendment;  that prison officials
retaliated against him for exercising his constitutional rights;
and that prison officials conspired to deny him his

1

pro se complaint, Arvie sought both monetary and injunctive relief.[2] The district court referred Arvie's case to a magistrate judge, who, on April 14, 1993, issued a 90-day stay order pursuant to 42 U.S.C. § 1997e, ordering Arvie to exhaust the administrative remedies provided by the Louisiana Department of Public Safety and Corrections. This order informed Arvie that failure to exhaust these administrative remedies would result in the dismissal of his suit with prejudice. After the 90-day period expired, Defendants filed a Notice of Failure to Exhaust Administrative Remedies and the affidavit of Carlos Messina (Messina), the General Administrator of the Louisiana Department of Public Safety and Corrections, Administrative Remedy Procedure. In his affidavit, Messina averred that Arvie had failed to exhaust his administrative

---

constitutional rights.

[2]In his prayer for relief in his original complaint, Arvie requested that the court:

> "(1) issue a permanent injunction against the state officials in their official capacity from implementing additional unconstitutional violations of federally protected rights, and state local laws giving rise to due process of law; (2) a declaratory judgment enter [sic] declaring the rights of DCI prisoners violated [sic]; (3) require the defendants, in their personal capacities, to hereby pay money damages in the amount of nine hundred million dollars ($900.000.000), or a sum reasonable in the premises jointly, severally, and in solido for any damages caused (e.g., lost [sic] of valuable evidence) or otherwise to the prisoners of DCI or otherwise; (4) permit monetary damages; (5) equitable relief or any other relief deemed appropriate here; and (6) require the named defendants to advance all costs of the proceeding, together with judicial interest collectively, it is so prayed."

In his amended complaint, Arvie requested that "the court grant the relief requested in the initial pleading."

remedies.

On July 23, 1993, the magistrate judge issued an order directing Arvie to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a)(1). Rejecting Arvie's arguments to the contrary, the magistrate judge determined that he had "not made a good faith attempt to exhaust the administrative remedy procedure" and recommended that the district court dismiss his complaint pursuant to 42 U.S.C. § 1997e(a)(1). On February 15, 1994, the district court adopted the magistrate judge's report and recommendation and dismissed Arvie's complaint with prejudice. Arvie filed a timely notice of appeal March 10, 1994. This Court granted Arvie's motion to proceed *in forma pauperis* on appeal.

## Discussion

Arvie argues that he exhausted his administrative remedies, and in the alternative, that he made a good faith effort to exhaust his administrative remedies; therefore, he contends that the district court erred in dismissing his suit under section 1997e. Because we find that the magistrate judge properly determined that Arvie failed to make a good faith attempt to exhaust his administrative remedies, we reject these arguments. We now turn to an issue that Arvie does not raise in his pro se brief: whether, in light of *McCarthy v. Madigan,* 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), the district court properly invoked section 1997e's exhaustion requirement to dismiss Arvie's section 1983 suit seeking both injunctive and monetary relief.

3

Section 1997e(a)(1) of the Civil Rights of Institutionalized Persons Act of 1980 provides,

> "[I]n any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available." 42 U.S.C. § 1997e(a)(1).[3]

In *Rocky v. Vittorie,* 813 F.2d 734 (5th Cir.1987), we held that "district courts have power to dismiss [section 1983] suits, following a section 1997e continuance, if a prisoner fails to pursue his administrative remedies." *Id.* at 736. The court in *Rocky* also held that, before dismissing a suit with prejudice under section 1997e, the district court must determine whether the plaintiff "made a good faith attempt to exhaust his administrative remedies." *Id.* at 737. We reasoned that this additional requirement was consistent with congressional intent, pointing to the statutory language that continuances be granted "in the interests of justice" and section 1997e(a)(2)'s requirement that the administrative grievance procedures must meet minimum federal standards. *Id.* at 736. *See Martin v. Catalanotto,* 895 F.2d 1040, 1042 (5th Cir.1990) (recognizing that the prison grievance procedures set up by the Louisiana Department of Public Safety and Corrections meet section 1997e's minimal requirements).

In light of the Supreme Court's decision in *McCarthy v.*

---

[3]Section 1997e originally provided for a 90-day continuance. In September 1994, Congress amended the statute to change the length of the continuance to 180 days.

4

*Madigan,* 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), we need to reconsider our case law interpreting section 1997e's exhaustion requirement. In *McCarthy,* a federal prisoner filed a *Bivens* suit against prison officials, seeking monetary damages for alleged deliberate indifference to his serious medical needs. No injunctive or declaratory relief was sought. The district court dismissed the suit because the plaintiffs failed to exhaust administrative remedies. The Tenth Circuit affirmed, reasoning that courts may impose an exhaustion requirement for the filing of *Bivens* complaints. The Supreme Court reversed. Because the facts of *McCarthy* involved a *Bivens* claim asserted by a federal prisoner, the exhaustion requirement of section 1997e did not apply. Nevertheless, the defendants in *McCarthy* argued that section 1997e represented a congressional policy favoring exhaustion of prison grievance procedures before filing constitutional claims against prison officials in federal court. Rejecting this argument, the Court noted that section 1997e specifically conditioned the exhaustion requirement on the existence of "effective administrative remedies" and emphasized that the prison grievance procedures at issue did not provide for the award of monetary damages. *Id.* at 150, 153-54, 112 S.Ct. at 1089, 1091. Thus, the Court held that a district court cannot require exhaustion of administrative remedies if a prisoner files a *Bivens* suit seeking only monetary damages and the prison grievance system does not afford such a remedy. *Id.* at 155, 112 S.Ct. at 1092.

Although *McCarthy* involved a *Bivens* suit by a federal

5

prisoner, we have applied its reasoning to other types of prisoner suits. Thus, in *Rourke v. Thompson,* 11 F.3d 47 (5th Cir.1993), we affirmed a district court's dismissal of a prisoner's *in forma pauperis* petition under 28 U.S.C. § 2241 seeking injunctive relief for various asserted constitutional violations for failure to exhaust administrative remedies. Because the district court dismissed the suit before service of process, we characterized the district court's action as the dismissal of a frivolous petition under 28 U.S.C. § 1915(d). *Id.* at 49. Noting that the plaintiff in *Rourke* sought only injunctive relief, we distinguished *McCarthy* and held that "a federal prisoner seeking only injunctive relief must first exhaust the administrative remedies provided by the Bureau of Prisons." *Id.* at 50. In so holding, the *Rourke* panel specifically stated that "we express no opinion as to the proper result" in a case involving "a mixed claim for both injunctive and monetary relief." *Id.* at 50 & n. 9.

The *Rourke* panel reasoned that its holding was consistent with *McCarthy,* emphasizing that "the result [in *McCarthy* ] might well have been different had the federal prisoner sought injunctive relief." *Id.* at 50. Although *Rourke* did not involve a section 1983 suit, its holding that inmates must exhaust administrative remedies before filing suit for injunctive relief in the federal court properly applies to section 1983 suits by state prisoners seeking injunctive relief. Thus, pursuant to section 1997e, a district court may dismiss a prisoner's section 1983 suit seeking only injunctive and/or declaratory relief if the plaintiff has

6

failed to make a good faith attempt to exhaust administrative remedies.[4]

Arvie's suit presents the precise issue left open by the court in *Rourke:* whether section 1997e's exhaustion requirement applies to an inmate's section 1983 suit seeking both injunctive and monetary relief. *Id.* at 50 & n. 9. In *McCarthy,* the Supreme Court noted that "On the first page of his [the prisoner's] complaint he wrote: "This Complaint seeks Money Damages *Only.*' " *Id.* at 142,

---

[4]We note that there is dicta in *McCarthy* that calls into question the power of a district court to dismiss a prisoner's suit under section 1997e. Emphasizing that the purpose of section 1997e is to permit the district court to stay the action while the plaintiff exhausts his administrative remedies, the Court in *McCarthy* stated that "§ 1997e does not authorize dismissal of an action for failure to exhaust." *Id.* at 150, 112 S.Ct. at 1089. In *Rourke,* a post-*McCarthy* decision, we held that a district court "may dismiss [a prisoner's suit] under § 1915(d) if [administrative] remedies have not been exhausted." *Rourke,* 11 F.3d at 49.

Because *Rourke* did not involve a section 1997e dismissal, we did not specifically consider whether a district court, after *McCarthy,* has the power under section 1997e to dismiss a section 1983 suit for failure to exhaust administrative remedies. Today we follow our pre-*McCarthy* holding that a district court may dismiss an inmate's section 1983 suit under section 1997e for failure to exhaust administrative remedies. *Rocky,* 813 F.2d at 736. We continue to adhere to the reasoning of the panel in *Rocky:*

"The structure and purpose of section 1997e persuades us that Congress intended that district courts have power to dismiss suits, following a section 1997e continuance, if a prisoner fails to pursue his administrative remedies. Without the prospect of such a dismissal, a prisoner could circumvent the exhaustion requirement by simply doing nothing for ninety days and then resuming his litigation in the district court. To further Congress's intent to foster expeditious and congenial resolution of prisoner grievances, we believe a district court must have the power to enforce the exhaustion requirement with the threat of a dismissal with prejudice." *Id.*

112 S.Ct. at 1085 (emphasis added). *See also id.* ("he sought only money damages")*; id.* at 152, 112 S.Ct. at 1090 ("the prisoner seeking *only* money damages has everything to lose and nothing to gain from being required to exhaust") (emphasis added). In rejecting the contention that nonmonetary administrative relief might adequately respond to the prisoner's concerns, *McCarthy* observed: "... we cannot presume, as a general matter, that when a litigant has *deliberately foregone injunctive relief* and has singled out discrete past wrongs, specifically requesting monetary compensation *only,* that he is likely to be interested in "other things.' " *Id.* at 154, 112 S.Ct. at 1091 (emphasis added). Finally, *McCarthy* states: "Petitioner concedes that if his complaint contained a prayer for injunctive relief, exhaustion principles would apply differently. Brief for Petitioner 20, n. 20. Were injunctive relief sought, the grievance procedure probably would be capable of producing the type of corrective action desired." *Id.* at 153 n. 5, 112 S.Ct. at 1091 n. 5. Taken together, the implication of these statements is that exhaustion could properly have been required in *McCarthy,* had the complaint sought *both* damages *and* injunctive relief.

The Eleventh Circuit has addressed this issue in two post-*McCarthy* cases involving *Bivens* actions by federal prisoners. In *Caraballo-Sandoval v. Honsted,* 35 F.3d 521 (11th Cir.1994), the court affirmed a district court's dismissal of one of the plaintiff inmate's claims seeking injunctive and monetary damages because he failed to exhaust administrative remedies. *Id.* at 525 ("Because

8

Caraballo-Sandoval requested more than just money damages, the district court properly dismissed his claim for failure to exhaust administrative remedies.").[5] *See also Irwin v. Hawk,* 40 F.3d 347, 348 (11th Cir.1994) (reasoning that the rule of *Caraballo-Sandoval* requiring an inmate seeking both injunctive and monetary relief to exhaust administrative remedies before filing suit in federal court is not inconsistent with *McCarthy* ).[6] Although *Irwin* and *Caraballo-Sandoval* both involved *Bivens* actions, their reasoning applies equally to section 1983 suits by state prisoners. We agree with the reasoning of the Eleventh Circuit and therefore hold that the exhaustion requirement of section 1997e applies to a prisoner's section 1983 suit seeking both monetary and injunctive relief.[7]

---

[5]The district court's dismissal in *Caraballo-Sandoval* was "without prejudice pending the exhaustion of administrative remedies." *Caraballo-Sandoval,* 35 F.3d at 524. This dismissal without prejudice is the functional equivalent of the continuance ordered by the district court here.

[6]*See also Young v. Quinlan,* 960 F.2d 351, 357, 356 & n. 8 (3d Cir.1992) (post-*McCarthy* decision stating in dicta that prisoner seeking both injunctive and monetary relief in *Bivens* suit must exhaust administrative remedies before filing suit in federal court).

[7]Arvie does not argue that he cannot recover monetary damages through the prison administrative procedures, and the record does not reflect whether monetary damages are available through the Louisiana prison administrative procedures. Our research, however, indicates that the Louisiana Department of Public Safety and Corrections administrative procedures now permit prisoners to recover monetary damages for some claims. *See* LSA-RS 15:1171 (stating that prison administrative procedures provide for monetary, declaratory, and injunctive relief for prisoners' complaints about conditions of confinement, medical malpractice, personal injuries, time computations, and challenges to rules, regulations, policies, or statutes); *Bellard v. Louisiana Correctional & Indus. Sch.,* 647 So.2d 1237, 1239 (La.Ct.App.3d Cir.1994) (stating that Louisiana prison administrative remedies were amended in 1989 to provide the

Because Arvie failed to make a good faith effort to exhaust his administrative remedies, the district court properly dismissed his suit under section 1997e.

### Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

Louisiana Department of Public Safety and Corrections with the authority to award monetary damages in personal injury claims by inmates).

While it appears that Louisiana prison administrative procedures would permit Arvie to recover money damages for some of his claims (at least for his claims related to the conditions of his confinement), we note that a district court may require exhaustion of administrative remedies under section 1997e whenever an inmate seeks both injunctive and monetary relief, regardless of whether monetary relief is available. *See Caraballo-Sandoval,* 40 F.3d at 525 ("Because Caraballo-Sandoval requested more than just money damages, the district court properly dismissed his claim for failure to exhaust administrative remedies.").