UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30144
Summary Calendar
_____


ROBERT E. LOVE,

                              Plaintiff-Appellant,

                    versus

JOHN P. WHITLEY, Warden,
ET AL.,

                              Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
(93 CV 793)
_____

(August 17, 1995)


Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Robert E. Love (Love), an inmate in the Louisiana State
Penitentiary in Angola, Louisiana, filed this section 1983 suit
against various prison officials on September 14, 1993, alleging
that the prison's administrative remedy procedures violated his

*    Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

constitutional rights, that he was issued a false disciplinary report and harassed for unknown reasons, and that he was denied procedural due process because a disciplinary board hearing was improperly conducted. In his *pro se* complaint, Love sought both injunctive and monetary relief.[2] The district court referred the case to a magistrate judge, who held a *Spears*[3] hearing on October 21, 1993. After the hearing, the magistrate judge denied Love leave to proceed *in forma pauperis* and ordered him to pay a partial filing fee of $15. On November 1, 1993, the magistrate judge issued a stay order to determine (1) whether Love had exhausted prison administrative procedures, and (2) if he had not, to give him a ninety-day period in which to do so, and (3) to inform him that failure to make a reasonable and good faith effort to exhaust these administrative procedures would result in the dismissal of his suit with prejudice. On March 15, 1994, the Louisiana Department of Public Safety and Corrections (LDPSC) filed a Notice of Failure to Exhaust Administrative Remedies and the affidavit of Carlos Messina, the General Administrator of the LDPSC, Administrative Remedy Procedure. In his affidavit, Messina averred that Love had failed to exhaust his administrative remedies.[4]

---

In his prayer for relief, Love sought compensatory and punitive damages, attorneys' fees, transportation of his body to his family in the event he dies in prison, traveling expenses for his family to come visit him in prison, and an injunction requiring Defendants to stop violating his constitutional rights.

*Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).

Specifically, Messina stated that, although Love had initiated a request for administrative review regarding the constitutionality of the disciplinary rules and procedures, he did not appeal to the

On March 21, 1994, the magistrate judge ordered Love to show cause why his suit should not be dismissed pursuant to 42 U.S.C. § 1997e(a)(1) for failure to exhaust administrative remedies. Love responded that he need not exhaust administrative remedies because the procedures have not been certified by the Attorney General or a federal court as required under the Civil Rights of Institutionalized Persons Act (the Act) and because the procedures are not in substantial compliance with the requirements of the Act.

In her April 14, 1994, report and recommendation, the magistrate judge determined that Love had "not made a good faith attempt to exhaust the administrative remedy procedure" and therefore recommended that Love's suit be dismissed under section 1997e(a)(1). Love filed objections to the magistrate judge's report. On January 9, 1995, the district court overruled Love's objections and dismissed his suit for failure to exhaust administrative remedies under section 1997e(a)(1). Love appealed, and this Court granted him leave to proceed *in forma pauperis*.

On appeal, Love does not contend that he exhausted his administrative remedies; rather, he argues that he should not be required to exhaust his administrative remedies because the prison procedures do not meet federal minimum standards required by the Act.[5] Contrary to Love's contention, the Administrative Remedy

Third Step of the procedure. In addition, Messina stated that Love had not appealed the disciplinary board's ruling regarding a disciplinary violation that he received for aggravated disobedience.

We note that Love also argues that he need not exhaust administrative remedies because "prison officials ignore [sic] and

3

Procedures promulgated by the LDPSC have been certified as meeting section 1997e's minimal requirements. *See Martin v. Catalanotto*, 895 F.2d 1040, 1042 (5th Cir. 1990) (recognizing that the United States District Court for the Middle District of Louisiana approved the procedures as meeting 1997e's minimal requirements). Accordingly, we reject Love's argument that the administrative remedies do not comply with the Act's requirements. Because Love is seeking both monetary and injunctive relief, he is required to make a good faith attempt to exhaust his administrative remedies before filing suit in federal court. *Arvie v. Stalder*, 53 F.3d 702, 705 (5th Cir. 1995) (holding that a district court has the power under section 1997e(a)(1) to dismiss an inmate's section 1983 suit seeking both monetary and injunctive relief when the plaintiff has failed to make a good faith attempt to exhaust his administrative remedies). Based on our review of the record in this case, we agree with the district court's conclusion that Love failed to make a good faith attempt to exhaust his administrative remedies. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

---

interfered with his attempts to pursue an Administrative Remedy." This argument contradicts the magistrate judge's finding that he failed to make a good faith attempt to exhaust his administrative remedies. Because we uphold the magistrate judge's finding, we reject this argument.

4