United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11061
Conference Calendar

MICHAEL LAFRANCE CRAWFORD,

Plaintiff-Appellant,

versus

JAY LABRIE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CV-145
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael LaFrance Crawford, Texas prisoner # 321616, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. Crawford has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification that his appeal was not taken in good faith pursuant to Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997). He has also filed a motion for appointment of counsel, which is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Crawford argues that the district court erred in dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. Citing Rocky v. Vittorie, 813 F.2d 734, 736-37 (5th Cir. 1987), Crawford contends that he made a good faith effort to meet the exhaustion requirement, that the district court invoked the exhaustion requirement without considering the interests of justice, and that the administrative procedures must be certified to be in compliance with statutorily defined minimum standards. He contends that the district court should have given consideration to his good faith attempt to exhaust administrative remedies.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The 42 U.S.C. § 1997e(a) exhaustion requirement is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (citing Booth v. Churner, 532 U.S. 731, 739, 741 n.6 (2001)). This court reviews a dismissal under 42 U.S.C. § 1997e(a) de novo. Days, 322 F.3d at 866.

Crawford's arguments and citation to Rocky v. Vittorie are based on the law as it existed prior to the enactment of the Prison Litigation Reform Act (PLRA). Under the post-PLRA version

of 42 U.S.C. § 1997e, the district court is no longer required to determine whether a prisoner has pursued his administrative remedies in good faith. Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998). Crawford's argument that the district court erred in failing to make such a determination lacks an arguable basis in law. Id.

The district court's certification that Crawford's appeal is not taken in good faith is upheld, Crawford's motion for IFP is DENIED, and this appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Crawford is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [28 U.S.C. § 1915(g)]."). We caution Crawford that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP AND APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.