IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-1336
Conference Calendar
_____

REGINALD SLACK,

                                    Plaintiff-Appellant,

versus

DON CARPENTER ET AL.,

                                    Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas

- - - - - - - - - - -
(October 29, 1993)

Before POLITZ, Chief Judge, and SMITH and WIENER, Circuit Judges.

PER CURIAM:

     Reginald Slack, a prisoner of the State of Texas, filed a civil rights action alleging that Tarrant County Sheriff Don Carpenter and Deputies Elvin Taylor and Charles Pruitt used excessive force without provocation in violation of the Eighth Amendment.  He appeals the judgment of the district court dismissing his second civil rights action as time-barred.  Slack argues that the limitation period should be tolled because, after the dismissal of his first civil rights action, he sought relief in state court, and the pendency of the state proceeding prevented him from pursuing a federal remedy within the limitation period.

     "[W]here it is clear from the face of a complaint filed <u>in</u>

forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Because there is no federal statute of limitations for civil rights actions, the Texas general personal injury limitations period of two years applies. Id. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. at 257. The federal court gives effect to the forum state's tolling provisions. Id. Slack's imprisonment was not a disability that tolled the running of the limitations period. Id. at 257.

"Texas courts have held as a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992) (citing Weisz v. Spindletop Oil & Gas Co., 664 S.W.2d 423, 425 (Tex. Ct. App. 1983)) (emphasis added).

Slack was confined in the Tarrant County Jail on June 29, 1990, when the cause of action arose. According to Slack, his first federal civil rights complaint was dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on November 15, 1990. Without addressing the question whether the principles of res judicata and collateral estoppel precluded him from relitigating his claims, we find nothing that prevented Slack from filing his second federal complaint within the limitation

period.  "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . ."  Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (internal quotation and citation omitted).  Moreover, Slack had time to file his claim after the state court claim was decided.  The state court claim was dismissed in May 1992, and the limitation period expired on June 29, 1992.

Slack misrelies on Moore v. El Paso County, Tex., 660 F.2d 586 (5th Cir. 1981), cert. denied, 459 U.S. 822 (1982), in which the district court dismissed the federal action on the basis of abstention to permit the plaintiff to litigate his state law claims.  660 F.2d at 588.  Unlike Moore, Slack was not required to litigate his claims in state court but chose that forum.  Further, he was not prevented from filing his second federal complaint within the limitation period.

Even if Texas does not provide a tolling provision, "federal courts possess the power to use equitable principles to fashion their own tolling provision in exceptional situations. . . ."  Rodriguez v. Holmes, 963 F.2d 799, 805 (5th Cir. 1992).  However, "Supreme Court cases have held that, when state statutes of limitation are borrowed, state tolling principles are to be the `primary guide' of the federal court."  F.D.I.C. v. Dawson, ___ F.3d ___ (5th Cir. Oct. 21, 1993) (No. 92-2460), slip p. 459, 1993 WL 391424.  "The federal court may disregard the state tolling rule only if it is inconsistent with federal policy."

Id.

We decline to fashion a tolling provision in this case. Slack chose to pursue his state court claims and failed to refile his federal claim within the limitation period.  See Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 465-67, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).  Slack's claims accrued more than two years prior to filing the present action on August 18, 1992, and are time-barred.

AFFIRMED.