Christopher Columbus **COOPER**

v.

O.A. "Bob" **BROOKSHIRE**, et al.

No. MO–94–CA–126–G.

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Oct. 14, 1994.

---

Elizabeth Rogers, Federal Public Defender, El Paso, TX, Nicholas Cowenhoven Taylor, Midland, TX, for plaintiff.

Christopher Columbus Cooper, pro se, El Reno, OK.

Denis C. Dennis, McMahon, Tidwell, Hansen, Atkins & Peacock, P.C., Odessa, TX, for defendants.

### ORDER OF REFERENCE

ORLANDO L. GARCIA, District Judge.

IT IS HEREBY ORDERED that the above-captioned matter be referred to United States Magistrate Judge Louis Guirola, Jr. for all further proceedings and entry of

judgment in accordance with Title 28, U.S.C. § 636(c) and the consent of the parties.

So Ordered and Adjudged.

### MEMORANDUM OPINION AND ORDER

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the Motion of the Defendants to Dismiss this cause pursuant to FED.R.CIV.P. 12(b)(6). Defendants contend that the complaint is time-barred. The primary issue presented is whether the "mailbox rule" applies to pro se prisoner complaints filed pursuant to 42 U.S.C. § 1983.

### FACTS

Plaintiff, Christopher Columbus Cooper, has on at least three separate occasions been an inmate at the Ector County Detention Center. The chronology of Cooper's confinement at the Ector County Detention Center covers periods from December 1989 through April 1990; January 14, 1992 through March 4, 1992; and finally, from June 30, 1992 until July 14, 1992.

On July 11, 1994 Cooper deposited his 42 U.S.C. § 1983 civil rights complaint in the prison mail.[1] The complaint contains numerous allegations of constitutional violations during Cooper's confinement in Ector County between December of 1989 and March of 1992. Additionally, one of Cooper's claims allegedly occurred during the June 30, 1992 through July 14, 1992 detention period.[2] The complaint was received by the United States District Court Clerk in Midland, Texas on July 15, 1994. Defendants argue that Cooper's complaint is barred by the applicable Texas statute of limitations. Plaintiff contends that under the "mailbox rule" his complaint was "filed" on July 11, 1994.

### DISCUSSION

Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period. Under Texas law, the applicable personal injury limitations period is two years. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). Although the Texas limitations period applies, federal law governs when a claim accrues. Causes of action under 42 U.S.C. § 1983 accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994).

*Cooper's Claims Occurring Between June 30, 1992 and July 14, 1992*

Cooper claims he was unconstitutionally placed in solitary on June 30, 1992 and was released on July 14, 1992. Therefore Cooper's claim accrued no later than July 14, 1992. A civil action is commenced by filing a complaint with the court. Filing with the court is defined by FED.R.CIV.P. 5(e) as filing with the clerk of court. Strict application of the plain language in FED.R.CIV.P. 5(e) would compel the Court to conclude that Cooper's complaint, received by the clerk of court on July 15, 1994 is, by one day, time-barred. By applying the "mailbox rule" to Cooper's claim, the complaint mailed July 11, 1994 is timely.

The Supreme Court held in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), that a prisoner's notice of appeal of a habeas corpus petition is "filed" for purposes of Rule 4(a)(1) of the Federal Rules of Appellate Procedure when the prisoner delivers it to "prison authorities".[3] The *Houston* decision focused on the unique sta-

---

**1.** A sworn and notarized "statement of facts" was attached to Plaintiff's complaint which states that the complaint and accompanying documents were mailed July 11, 1994.

**2.** COOPER alleges that on June 30, 1992 he was transferred from the custody of the U.S. Marshal's Service to Ector County, Texas. According to COOPER, Ector County officials immediately placed him in solitary confinement without notice or hearing. He claims he was denied

access to the courts and that his conditions of confinement constituted cruel and unusual punishment. His solitary confinement continued until July 14, 1992 when he was released into the custody of the Texas Department of Corrections.

**3.** *See also United States v. Young,* 966 F.2d 164 (5th Cir.1992) applying the *Houston v. Lack* "mailbox rule" to habeas corpus appeals.

 

tus of the pro se prisoner litigant, not on the characteristics or attributes of the particular document filed. While other circuits have extended the "mailbox rule" to pro se prisoner § 1983 complaints, *Lewis v. Richmond City Police Department*, 947 F.2d 733 (4th Cir.1991); *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir.1993); *Dory v. Ryan*, 999 F.2d 679 (2nd Cir.1993), the Fifth Circuit is not among them.

The Supreme Court has noted that statutes of limitations are not "simply technicalities," but rather, "fundamental to a well-ordered judicial system." *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 487, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980). The Court held in *United States v. Locke*, 471 U.S. 84, 99–101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985):

> The notion that a filing deadline can be complied with by filing sometime after the deadline falls due is, to say the least, a surprising notion, and it is a notion without limiting principle. If 1–day late filings are acceptable, 10–day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. "Any less rigid standard would risk encouraging a lax attitude toward filing dates" *United States v. Boyle*, 469 U.S. 241, 249, 105 S.Ct. 687, 691–692, 83 L.Ed.2d 622 (1985). A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.

 This Court is hesitant to employ any legal principle not adopted by our Circuit; particularly a rule which in effect carves out an exception to the Federal Rules of Civil Procedure. While the legal authority in other Circuits is persuasive, it is not binding. *United States v. Diamond*, 430 F.2d 688 (5th Cir.1970). Moreover, the final word on whether the "mailbox rule" will be extended to pro se prisoner complaints in this circuit rests with the Court of Appeals. In the interim this Court should apply the clear and unambiguous language of FED.R.CIV.P. 3 and 5(e). The clerk of court received Cooper's complaint one day after the expiration of the Texas two-year statute of limitations and is therefore time-barred.

*Remaining Claim Between February 1990 and March 1992*

The application of the "mailbox rule" to Cooper's remaining claims will be of no avail. All such claims accrued long before July 11, 1992 and are therefore clearly time-barred.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion of the Defendants to Dismiss this cause pursuant to Fed. R.Civ.P. 12(b)(6) should be, and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 21st day of November, 1994.