Jesse NELSON, Jr.

v.

Det. E.V. REDDY, et al.

No. 3–95–CV–1507–X.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 13, 1995.

**410**

Jesse Nelson, Jr., Tennessee Colony, TX, pro se.

Defendants were never served.

### ORDER

KENDALL, District Judge.

On this date came on to be considered the Findings, Conclusions and Recommendation of the United States Magistrate Judge filed on August 25, 1995, and Jesse Nelson, Jr.'s objections thereto filed on September 7, 1995.

■ For the reasons stated in the magistrate judge's recommendation, I am of the opinion that a "mailbox rule" should not apply to the filing of an action by a confined person and accordingly the findings and conclusions of the magistrate judge that Nelson's complaint is time barred are adopted.

In his opposition to the magistrate judge's recommendation Nelson raises for the first time his claim that he is entitled to the benefit of § 16.001(a)(2), Tex.Civ.Prac. & Rem.Code Ann. § 16.001(a)(2) and (b) provide in pertinent part:

" . . . a person is under a legal disability if the person is . . . of unsound mind . . . If a person entitled to bring a personal action is under a legal disability *when the cause of action accrues,* the time of the disability is not included in a limitations period." (Emphasis added).

■ A federal court applying a state statute of limitations should give effect to the state's tolling provisions as well. See *Hardin v. Straub,* 490 U.S. 536, 543–44, 109 S.Ct. 1998, 2002–03, 104 L.Ed.2d 582 (1989), *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

In an effort to bring himself within the purview of § 16.001(a)(2), supra, Nelson represents in his objections that while confined in prison—serving the sentence imposed in Cause No. F–89–84847–IR prior to his retrial—he was treated by prison staff psychia-trists and psychologists beginning in May 1990 and was diagnosed as being a paranoid schizophrenic. He further states that between August 1990 and April 1993 he was treated with antipsychotic drugs, prior to being transferred back to Dallas County for retrial in June 1993. He further claims to have sought treatment from the Dallas County MHMR following his acquittal in June 1993 (See Plaintiff's objections at page IV). Based upon these assertions Nelson claims that he was a person of "unsound mind" from August 1990 to the end of 1993 (Id. at page V).

■ As a matter of state law a person claiming to have been under a legal disability must establish that he was under a disability at the time his cause of action accrued. See § 16.001(b) and (d), supra; *Helton v. Clements,* 832 F.2d 332, 336 (5th Cir.1987); see also *Parker v. Yen,* 823 S.W.2d 359, 362 (Tex.App.—Dallas 1991, no writ)—holding that ingestion of a prescription drug which caused a mental disability subsequent to the date on which the plaintiff's cause of action accrued did not toll running of the limitations period. Although the term "unsound mind" is not defined in the Tex.Civ. & Rem.Code, "in general, 'persons of unsound mind' and 'insane persons' are synonymous." *Hargraves v. Armco Foods, Inc.,* 894 S.W.2d 546, 547 (Tex.App.—Austin 1995, no writ)—citations omitted.

The magistrate judge correctly determined that Nelson's cause of action accrued on June 23, 1993, the date on which he was acquitted by the jury, following his retrial. Thus, in order to be entitled to toll the two-year statute of limitations Nelson must establish that he was a person of "unsound mind" on or before June 23, 1993.

■ When a person is proceeding under the provisions of 28 U.S.C. § 1915, courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims where factual contents are clearly baseless". *Neitzke v. Williams,* 490 U.S. 319, 328, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). There is no reason why this authority should not extend to consider-

ing factual allegations presented by a person proceeding under § 1915, when those factual allegations pertain to invocation of a state's tolling provisions. Under such authority the court finds that Nelson's claim that he was a person of "unsound mind" when his claims against the named defendants accrued is frivolous.

■ Specifically the court notes that Nelson's claim of mental incompetence is essentially conclusary and without foundation. He had presented no evidence of a judicial determination of incompetence nor has he presented any professional's diagnosis that he was mentally incompetent at any time. See also Tex.Prob.Code Ann. § 3(y) (West Supp. 1995). Accepting as true Nelson's statement that he was under the care of mental health professionals and received drug therapy, these factors do not establish that he was a person of "unsound mind" consonant with the Texas state courts' interpretation of this term.

Further, it is apparent that Nelson was neither under the care of a mental health professional, nor was he receiving medication from the time of his arrival at the Dallas County jail in April 1993 until the conclusion of his retrial in June 1993.

Finally, under the Supreme Court's decision in *Dusky v. United States*, 362 U.S. 402, 402–03, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960), Nelson could not have been retried in June 1993 had he not had sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and had he not had a rational as well as factual understanding of the proceedings against him.[1] The fact that Nelson did not raise a claim of incompetency to stand trial when he was retried and the fact that the jury's acquittal was based on the jury's determination that the prosecution had failed to carry its burden of proof is strong evidence, if not conclusive evidence, that Nelson was not a person of "unsound mind" on the date of his acquittal on June 23, 1993.

IT IS, THEREFORE, ORDERED that Nelson's complaint is dismissed as being barred by limitations, the complaint having been filed after the limitations period expired and upon the court's finding that Nelson's attempt to invoke the tolling provisions of § 16.001(a)(2) and (b), Tex.Civ.Prac. & Rem. Code Ann. is frivolous under 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that the clerk shall transmit a true copy of this order together with a copy of the judgment entered this day to Plaintiff.

### JUDGMENT

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED ADJUDGED AND DECREED that Plaintiff's complaint in this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(d). See *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993); *Slack v. Carpenter* 7 F.3d 418 (5th Cir.1993).

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

SANDERSON, United States Magistrate Judge.

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

### FINDINGS AND CONCLUSIONS:

*Type Case:* This is an action brought pursuant to 42 U.S.C. § 1983.

*Parties:* Plaintiff is an inmate confined in the Coffield Unit of the Texas Department of Criminal Justice at Tennessee Colony, Texas, serving an unspecified criminal conviction.

Defendants are Detective E.V. Reddy, Detective Becky Oliver, Sheriff Carl Thomas

---

1. The standard announced in *Dusky* is identical to that followed in criminal actions prosecuted in Texas state courts. See Art. 46.02 § 1, Texas Code of Criminal Procedure, and *Morales v. State*, 587 S.W.2d 418, 421 (Tex.Crim.App.1979).

and the Dallas Police Department. No process has been issued in this case.

*Statement of the Case:* Plaintiff claims that Defendants' malicious actions resulted in a wrongful conviction for which Plaintiff served four years in prison before his conviction was overturned (Complaint § IV).

*Findings and Conclusions:* This action was filed on July 21, 1995. The mailing envelopes and contents in the file reflect the following chronology:

1. Nelson mailed his complaint in a large brown envelope. In his own handwriting appears the notation "Mailed on 6–21–95". The complaint enclosed reflects an execution date of 6–21–95. The Post Office in Tyler, Texas postmarked the envelope by machine. Barely perceptible on the stamps affixed to the envelope is the machine stamped legend "June 24, 1995, PM, Tyler TX 75". A similar printed legend, which is likewise nearly imperceptible appears on the upper left hand side of the envelope. Clearly affixed to the envelope is the District Clerk's stamp noting that the envelope and contents were received on June 26, 1995.[1]

2. On June 26, 1995, a deputy clerk, at the direction of the magistrate judge, sent a letter to Nelson informing him that his case would not be filed unless the filing fee or a properly executed request to proceed *in forma pauperis* was tendered by Nelson.

3. By letter dated 7–12–95, postmarked July 18, 1995, and received by the District Clerk on July 19, 1995, Nelson confirmed receipt of the deputy clerk's letter and advised that he was awaiting verification of his inmate trust account from the Texas Department of Criminal Justice at Huntsville.

4. By letter dated 7–18–95 and received by the District Clerk on July 21, 1995, Nelson submitted a brief together with a copy of his state court judgment of acquittal dated June 23, 1993, and his sworn affidavit and declaration to proceed *in forma pauperis,* executed by him on June 28, 1995, with the certificate signed by an authorized officer.

No statute of limitations is set forth in § 1983. However, the United States Supreme Court has held that the statute of limitations for a § 1983 claim is to be determined by reference to the prescriptive period for personal injury actions in the forum state. *Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Texas, the prescriptive period for such claims is two years. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986).

■ Although state law determines the applicable limitations period for a civil rights claim, the claim accrues in accordance with federal law. *Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir.1993). In *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court held that a cause of action based upon conduct relating to the legality of a conviction does not accrue (arise) until the conviction at issue has been reversed or called into question. Nelson was initially convicted of aggravated robbery and was sentenced to a term of 99 years imprisonment. On direct appeal his conviction was reversed and remanded for new trial. See *Nelson v. State,* 810 S.W.2d 753 (Tex.App.—Dallas 1991, pet. ref'd). His second trial commenced on or about June 23, 1993, and resulted in a verdict of not guilty returned on June 23, 1993. Under the standard set out in *Heck v. Humphrey,* his suit for malicious prosecution accrued on the date of his acquittal, requiring that his § 1983 action be filed on or before June 23, 1995, unless his failure to file by such date is otherwise excused.

As noted above, Nelson's complaint was not received by the District Clerk until June 26, 1995. It is readily apparent that Nelson was well aware of the significant limitations issue presented (See Nelson's undated "Sworn Affidavit in Lieu of Oath to Proceed *in Forma Pauperis* "). In an effort to avoid dismissal on limitations grounds he relies on the Supreme Court's decision in *Houston v.*

---

1. From the papers it is unclear when Nelson's sworn affidavit in lieu of oath to proceed *in forma pauperis* was received by the Clerk since it is undated. For the purposes of this recommendation it is assumed that it was also received by the District Clerk on June 26, 1995.

*Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

*Houston v. Lack* involved a prisoner's notice of appeal from an adverse judgment filed by a district court and announced a rule of law as it related to the filing requirement set out in the then effective version of Federal Rule of Appellate Procedure 4(a)(1),[2] when the appealing party was confined as a prisoner.

Although a "mailbox rule" has been applied to *pro se* prisoner complaints in some circuits,[3] the Fifth Circuit has not addressed the issue. See *Cooper v. Brookshire,* 880 F.Supp. 481, 483 (W.D.Tex.1994). However, in *Guirguis v. I.N.S.,* 993 F.2d 508 (5th Cir. 1993), the Court emphasized that the Supreme Court's holding in *Houston v. Lack* applied only to Federal Rule of Appellate Procedure 4(a), and therefore refused to find that an I.N.S. detainee had "filed" a petition for review of a BIA deportation order when the detainee gave his petition to a detention officer for mailing.

■ It is pertinent to note that the "mailbox rule" adopted in *Houston v. Lack* has no effect on limitations since it deals exclusively with requirements for giving notice of appeal. The running of any applicable statute of limitations is tolled with the filing of the complaint and the issue of whether an action is barred is totally irrelevant to the question of whether an appeal was timely filed. The fact that entirely different criteria are present in deciding issues under the present codification of Federal Rule Appellate Procedure 4(c) and in determining whether a complaint is barred by limitations further counsels against applying the "mailbox rule" under *Houston v. Lack* to the filing of a complaint. Accordingly, the fact that a person seeking relief in a federal court is a prisoner does not mandate application of a "mailbox rule" whenever a filing requirement is at issue.

In contrast to the holding in *Houston v. Lack,* the Supreme Court has strictly enforced statutes of limitation. e.g. See *United States v. Locke,* 471 U.S. 84, 99–101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985); see also *Board of Regents of the University of the State of New York v. Tomanio,* 446 U.S. 478, 487, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980). A narrow application of *Houston v. Lack* is likewise consistent with the fact that no other amendments to the Federal Rules of Civil Procedure or to the Federal Rules of Appellate Procedure were adopted, applying a "mailbox rule" to filings by confined persons generally or in other specified situations.

The fact that an inmate has an extended period of time within which to file a federal court action diminishes the rationale for applying a "mailbox rule" to the filing of a complaint. Unlike procedural rules which impose relatively short deadlines for a litigant to act in response either to pleadings filed by another party or to a judgment or order, e.g. former Federal Rule Appellate Procedure 4(a)(1), a potential plaintiff—be he a person represented by counsel or a *pro se* prisoner—may file a civil rights action at any time after a cause of action accrues until it is barred by limitations. Nelson had twenty four months from June 23, 1993, within which to file his complaint. See § 16.003(a), supra.

Application of a "mailbox rule" to the filing of a complaint would effect a change in the applicable statute of limitations, essentially extending the period of limitations by whatever period of time passes between the date on which limitations would have barred the action and the date of receipt by the clerk of court, provided that the complaint was delivered to the prison mailroom prior to the bar date. There is an inherent unfairness in extending a limitations period to the detriment of a § 1983 defendant who is completely blameless for any delay between the date on which an inmate plaintiff delivers his complaint to the prison mailroom and the date the complaint is received by the District Clerk.

**2.** The "mailbox rule" announced in *Houston v. Lack* has been codified in current Federal Rule of Appellate Procedure 4(c), effective December 1, 1993.

**3.** See *Lewis v. Richmond City Police Department,* 947 F.2d 733 (4th Cir.1991); *Garvey v. Vaughn,* 993 F.2d 776 (11th Cir.1993); *Dory v. Ryan,* 999 F.2d 679 (2nd Cir.1993), modified on other grounds on reh'g 25 F.3d 81 (1994).

It is clear beyond question that any complaint submitted by or on behalf of an unincarcerated person which is not placed in the physical possession of the clerk's office within the prescribed period is subject to dismissal, being time barred. There is no principled reason—in light of the two year period within which Nelson could have satisfied this requirement—why a more lenient rule should be applied merely because of his status as an inmate.[4]

Another factor which directly impacts the underlying public policy for statutes of repose generally and which was not addressed by those circuits applying a "mailbox rule" to the filing of complaints is the effect on statutes of limitations brought about by the Supreme Court's decision in *Heck v. Humphrey,* supra.

In *Heck* the Supreme Court held that when a § 1983 complaint seeks damages for conduct, which if unlawful, would render a conviction invalid, the plaintiff must prove that the underlying conviction has been reversed, expunged or otherwise called into question (Id. at ——, 114 S.Ct. at 2372). Until such time as the underlying conviction is overturned or called into question, a cause of action under § 1983 does not accrue (Id. at ——, 114 S.Ct. at 2375).

▪ While the holding in *Heck* imposes a significant hurdle to an inmate's initiation of a § 1983 action, the holding—in a sense—is a two-edged sword. While the inmate cannot proceed with his suit until he successfully attacks the underlying conviction, since there is no time requirement under Texas law within which a collateral attack must be brought, the potential for liability of a state actor defendant in a § 1983 action extends until the time at which courts in which collateral attacks may be brought no longer have jurisdiction to entertain a petition for habeas corpus relief.[5] Thus under the "accrual" standard announced in *Heck,* if a Texas prisoner were serving a life sentence, the potential § 1983 action may well not accrue until twenty years or more after the alleged conduct occurred, as distinguished from an action against a non-governmental tortfeasor which, in Texas, would be barred after the expiration of two years from the date of the occurrence or its discovery.[6] This factor, coupled with the fact that an inmate has an additional two year period within which to file his complaint after his § 1983 action has accrued militates against application of a "mailbox rule" in determining the date on which the complaint was filed.

Finally, application of a "mailbox rule" to the filing of complaints would require expenditure of additional judicial resources in deciding collateral issues. The date on which an inmate litigant delivered properly completed papers to the prison mailroom, e.g. See *Dison v. Whitley,* 20 F.3d 185, 186–187 (5th Cir.1994), may well become an issue of fact which must be decided, which is wholly unrelated to the merits of the case.[7]

### RECOMMENDATION:

For the foregoing reasons and in the absence of binding contrary authority, it is recommended that the District Court find that a "mailbox rule" does not apply to the filing of a prisoner's complaint and that be-

---

4. Nelson's complaint, being received on June 26, 1995, is readily distinguishable from those circumstances in which a complaint and properly executed request to proceed *in forma pauperis* were received by the clerk on a date prior to expiration of the limitations period, but not acted on by a judicial officer until later. e.g. *Hernandez v. Aldridge,* 902 F.2d 386, 388 (5th Cir.1990) cert. denied 498 U.S. 1086, 111 S.Ct. 962, 112 L.Ed.2d 1049 (1991).

5. E.g. generally speaking a federal court does not have jurisdiction over a collateral attack brought against a conviction which has been completed. See 28 U.S.C. Sections 2241(c)(3) and 2254(b);

*Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

6. In Nelson's case it appears that the complained of conduct occurred approximately six years before the date on which Nelson "mailed" his complaint in this action.

7. For the purpose of this recommendation it is assumed that Nelson placed his initial papers in the hands of prison officials on June 21, 1995, as printed on his envelope (See ¶ 1 at pages 411–412, supra). However, if it were determined that he did not submit it until June 24, 1995, the date on which it was placed in the mail, Nelson's action would be barred by limitations.

cause Nelson's complaint was not received by the District Clerk prior to the date on which the statute of limitations had run, that Plaintiff's § 1983 complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(d). *Gartrell v. Gaylor,* supra, 981 F.2d at 256; *accord Slack v. Carpenter,* 7 F.3d 418, 419 (5th Cir.1993) (*per curiam* ).