IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10304
Conference Calendar
_____

TONY BLACKLOCK,

Plaintiff-Appellant,

versus

TOM HAMILTON; D. MOTES;
PHILLIPS; TARRANT COUNTY, TEXAS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CV-901-E
- - - - - - - - - -
October 21, 1997

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tony Blacklock, Texas prisoner # 660791, filed a civil rights complaint against various employees of the Tarrant County Jail on December 9, 1996. The gravamen of Blacklock's complaint is that he was beaten by prison guards on November 18, 1993. The district court dismissed the suit as frivolous because it was time barred. "[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed pursuant to § 1915." <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993).

Blacklock does not dispute the application of the two-year statute of limitations borrowed from Texas law nor does he dispute the district court's finding that he knew of the violation of his rights at the time of the 1993 beating. <u>See</u> <u>Jackson v. Johnson</u>, 950 F.2d 263, 265 (5th Cir. 1992). Blacklock relies on the general rule of Texas law that the statute is tolled by legal proceedings which prevent a party from exercising his legal remedy. <u>See</u> <u>Weisz v. Spindletop Oil and Gas Co.</u>, 664 S.W.2d 423, 425 (Tex. App. 1983)(citation omitted). Blacklock has not shown that he was prevented from filing his suit within the designated two-year period. Blacklock is not entitled to equitable tolling because he had ample opportunity to timely file his civil rights complaint even if he had been misled as to his ability to file it pending the criminal action. <u>Slack v. Carpenter</u>, 7 F.3d 418, 420 (5th Cir. 1993). The district court did not abuse its discretion in dismissing Blacklock's suit.

This appeal is without arguable merit and is thus frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). We caution Blacklock that future frivolous civil suits and appeals filed by him or on his behalf will invite the imposition of sanctions. Blacklock is cautioned further to review any pending suits and appeals to ensure that they do not raise

arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.  5TH CIR. R. 42.2.