**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**March 27, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11122
Summary Calendar

LEE W. KELLY,

Plaintiff-Appellant,

versus

CITY OF WICHITA FALLS, TEXAS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-215-R
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Lee W. Kelly, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as time barred. FED. R. CIV. P. 12(b)(6). Kelly does not dispute the district court's determination that the limitations period is supplied by Texas law, nor does he dispute the determination that his complaint was filed after the two-year limitations period had expired. See Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Kelly argues,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

however, that the limitations period should not prevail in this matter because he was unable to obtain the services of a lawyer to pursue his claims.

"In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). Kelly has not shown that Texas law provides tolling for parties who are unable to secure the services of an attorney.

"Even if Texas does not provide a tolling provision, federal courts possess the power to use equitable principles to fashion their own tolling provision in exceptional situations." Slack v. Carpenter, 7 F.3d 418, 420 (5th Cir. 1993)(quotations and citation omitted). However, mere lack of representation will not support equitable tolling. See Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991). Because Kelly has failed to show that the district court erred in dismissing his complaint, the judgment of the district court is hereby AFFIRMED. Kelly's motions for the appointment of appellate counsel are DENIED.

AFFIRMED; MOTIONS DENIED.