United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20466
Conference Calendar

_____

PATRICK WAYNE BELL,

                                    Plaintiff-Appellant,

versus

CITY OF HOUSTON; STEVEN FISHER; CLARENCE O'NEAL BRADFORD,

                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-5885
- - - - - - - - - -

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Patrick Wayne Bell, a Texas prisoner (# 1190375), appeals the district court's <u>sua</u> <u>sponte</u> dismissal of his <u>pro</u> <u>se</u>, <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). In the complaint, which was filed in early December 2003, Bell alleged that defendant Steven Fisher, a police officer, subjected him to excessive force by shooting him in the knee and kicking him in the mouth during an apparent arrest on September 13, 2001. The district court concluded that

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bell's complaint was barred by the applicable two-year Texas limitations statute for personal-injury actions.

In the 42 U.S.C. § 1983 context, a federal court "borrows" a statute of limitations from the forum state's general personal-injury limitations provision. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). In Texas, that period is two years. Hitt v. Connell, 301 F.3d 240, 246 (5th Cir. 2002). A federal court also gives effect to the state's tolling provisions. Slack v. Carpenter, 7 F.3d 418, 419 (5th Cir. 1993). "[A] § 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999) (citation omitted); see Jacobsen, 133 F.3d at 319 (federal law determines when action accrues).

Although Bell does not explicitly deny that his claim accrued for federal purposes on September 13, 2001, and that his complaint was not filed until more than two years later, he argues that his complaint was timely filed under various Texas tolling and accrual doctrines. These arguments are meritless. Our review of the record confirms that the district court did not abuse its discretion in dismissing Bell's complaint as frivolous. See Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001); 28 U.S.C. § 1915(e)(2)(B)(i).

Bell's appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we DISMISS the appeal as frivolous. 5TH CIR. R. 42.2. The dismissal of the instant appeal as frivolous counts as a strike for purposes of

the three-strikes provision, 28 U.S.C. § 1915(g), as does the district court's dismissal.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Bell is CAUTIONED that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.