United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40148
Summary Calendar

JOHN WAYNE CHARLESTON,

Plaintiff-Appellant,

versus

PAUL BOONE; KENETH KING; DENISE HATTAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:03-CV-341
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant John Wayne Charleston, Texas prisoner #894099, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as barred by the applicable statute of limitations. He argues that the district court failed to consider his timely-filed objections to the magistrate judge's report and recommendation and that his civil rights complaint was timely filed because he placed his complaint in a related state tort suit against the defendants in the prison mailbox on April 23, 2001.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the 42 U.S.C. § 1983 context, a federal court "borrows" a statute of limitations from the forum state's general personal-injury limitations provision. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). In Texas, that period is two years. Hitt v. Connell, 301 F.3d 240, 246 (5th Cir. 2002). A federal court also gives effect to the state's tolling provisions. Slack v. Carpenter, 7 F.3d 418, 419 (5th Cir. 1993). "[A] § 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999).

Although Charleston knew the facts supporting his claims against the defendants on April 27, 1999, his 42 U.S.C. § 1983 suit was not filed until September 2003, after the two-year limitations period had expired. Charleston has not cited any authority to support the proposition that the pendency of his state tort litigation tolled the statute of limitations for filing his federal civil rights suit. See Ellis v. Dyson, 421 U.S. 426, 432-33 (1975); cf. Jackson v. Johnson, 950 F.2d 263, 264-65 (5th Cir. 1992); cf. Rogers v. Ricane Enterprises, Inc., 930 S.W. 2d 157, 167 (Tex. App. 1996) Given that this same argument was raised in his objections to the magistrate judge's report, the district court's failure to consider said objection was harmless. See Smith v. Collins, 964 F.2d 483, 485 (5th Cir. 1992).

Charleston's appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we dismiss

2

the appeal as frivolous. 5TH CIR. R. 42.2. The dismissal of the instant appeal as frivolous counts as a strike for purposes of the three-strikes provision, 28 U.S.C. § 1915(g). See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996). Charleston is CAUTIONED that if he accumulates three strikes he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.