# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 1, 2009

Charles R. Fulbruge III
Clerk

No. 09-20062
Summary Calendar

DANIEL T MADIS,

Plaintiff-Appellant

v.

WARDEN EDWARDS; WARDEN BONE; WARDEN GINSEL,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-22

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Daniel T. Madis ("Madis") appeals the district court's dismissal of his § 1983 action. For the reasons stated below, we affirm.

## FACTS AND PROCEEDINGS

Madis, a Texas inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights lawsuit in which he alleged that prison officials denied him food from May 26, 2005 until December 17, 2005. Madis claims to have filed over fifty

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grievances during this time, and attached several to his complaint. The most recent attached grievance was denied on February 14, 2006.

The district court dismissed the case *sua sponte* under 28 U.S.C. § 1915A as frivolous and for failure to state a claim because it was time-barred. According to the district judge,

> plaintiff's allegations show that his cause of action accrued on May 26, 2005. Accepting as true plaintiff's evidentiary assertion that he exhausted his administrative grievances on February 14, 2006, and affording his complaint the most liberal of possible constructions, plaintiff's limitations expired on or about February 14, 2008. This lawsuit was filed December 23, 2008, over ten months after limitations expired, and is barred by limitations.

Madis filed this timely appeal, which he has styled an "Application for a Certificate of Appealability" under the Antiterrorism and Effective Death Penalty Act. Madis does not need a certificate of appealability to appeal the dismissal of his § 1983 claim. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may be not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding . . . ; or (B) the final order in a proceeding under section 2255."). We treat Madis's pleading as a direct appeal of the district court's dismissal of his complaint under 28 U.S.C. § 1915A.

## STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint under 28 U.S.C. § 1915A. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). To state a claim upon which relief may be granted, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). In effect, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal citation omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

## DISCUSSION

A district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the complaint that the claims are time-barred. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Because § 1983 does not provide a statute of limitations, the forum state's general personal injury limitations period applies. *Id.* In Texas, the applicable period is two years. *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002)). Although the Texas limitations period applies, federal law governs when Madis's claim accrued. *See Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted). The statute of limitations is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001).

The district court correctly determined that Madis's claims are time-barred. Even assuming that the statute of limitations did not start running until Madis's final administrative grievance was denied on February 14, 2006,

the two-year period expired in February 2008, some ten months before Madis filed this lawsuit in December 2008. Madis nonetheless argues that the limitations period should be equitably tolled because he was in Administrative Segregation during the relevant period. Madis states that "[i]n Ad Seg, we can get no legal assistance, the Officers who deliver[] the books could not give me any assistance with the preparation of legal documents to pursue this claim." Madis further writes that he "had been diligently pursuing [his] rights," as demonstrated by his unsuccessful attempt to obtain counsel through the Texas Civil Rights Project.

Madis has not shown grounds for equitable tolling. Because the Texas statute of limitations is borrowed in § 1983 cases, Texas's equitable tolling principles apply. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Neither Madis's lack of representation nor his attempt to acquire counsel is sufficient to toll the limitations period under Texas law. *See Kelly v. City of Wichita Falls*, 65 F. App'x 508 (5th Cir. 2003) (unpublished) (finding no grounds for equitable tolling under Texas law when plaintiff "was unable to obtain the services of a lawyer to pursue his claims"); *Robinson v. Dallas Police Dept.*, 275 F.3d 1080 (5th Cir. 2001) (unpublished) (rejecting argument "that limitations should be equitably tolled under Texas law because [a prisoner was] illiterate and because he sought the assistance of four different attorneys who should have been protecting his rights"). Furthermore, placement in administrative segregation or solitary confinement is generally not grounds for equitable tolling. *See, e.g.*, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding limited library access insufficient to establish extraordinary circumstances warranting equitable tolling); *Schaefer v. Stack*, 641 F.2d 227, 228 (5th Cir. 1981) (holding under Florida law that imprisonment, even solitary confinement without adequate access to a law library, does not toll statute of limitations); *Lindo v. LeFever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) (finding that transfers

between prison facilities, solitary confinement, lockdowns, and restricted access to the law library do not qualify as extraordinary circumstances warranting equitable tolling). Although we have found no Texas decisions directly on point, the fact of Madis's administrative segregation does not change our equitable tolling analysis, especially where, as here, Madis's only argument is that administrative segregation affected his access to counsel, which is clearly not a ground for equitable tolling under Texas law. Though federal courts can also "fashion their own tolling provision[s] in exceptional situations," *Slack v. Carpenter*, 7 F.3d 418, 420 (5th Cir. 1993) (per curiam) (quotation and citation omitted), Madis's "unfamiliarity with the legal process [and] lack of representation" are not grounds for equitable tolling under federal law either. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). The district court was correct to dismiss Madis's case as frivolous.

## CONCLUSION

The judgment of the district court is AFFIRMED.