# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10564

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2015

Lyle W. Cayce
Clerk

JONATHAN SHAWN GOOSBY,

Plaintiff-Appellant

v.

LINDA ROBERTSON, Caseworker NTSH; CURTISTENE DICKERSON, Caseworker NTSH; KIRBY TURNER, Assessing Clinician NTSH; AMANDA ROBINSON, Social Worker NTSH; CAMILA ANITA LOSOYA, Staff Member NTSH,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:13-CV-123

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jonathan Shawn Goosby, Texas prisoner # 1307836, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 and state law complaint. Goosby alleged that he was given inadequate medical care and was sexually exploited, and that several defendants failed to report his allegations of sexual exploitation. His allegations concern his 2004-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10564

05 stay at North Texas State Hospital pending a competency determination. Given that a two-year statute of limitations applies to Goosby's § 1983 claims, *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002), and Goosby did not file suit until 2013, the district court concluded that Goosby's federal claims were barred by the statute of limitations, dismissed the complaint as frivolous and for failure to state a claim, declined to exercise supplemental jurisdiction over the state claims, and certified that an appeal would not be taken in good faith. By moving to proceed IFP on appeal, Goosby challenges that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We review the dismissal de novo. *See Longoria v. Dretke*, 507 F.3d 898, 900-01 (5th Cir. 2007).

Goosby's first argument that a ten-year statute of limitations applies to his claims relates to the statute of limitations on his state, not federal, claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b). The district court did not conclude that Goosby's state claims were barred by the limitations period; rather, it declined to exercise supplemental jurisdiction over the state claims, and Goosby does not argue that this was error.

Goosby's second argument is that his claims either did not accrue until a later date, or that the statute of limitations was tolled, based on his lack of access to a law library, lack of counsel, and/or lack of competency. With respect to accrual of his claims, while Goosby argues that he was unaware he had a claim until after the statute of limitations had run, a plaintiff need not realize that a legal cause of action exists for the limitations period to run; rather, he need only know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). With respect to tolling, Goosby's lack of representation and lack of access to a library are insufficient to toll the

limitations period.  *See Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009).  And while Texas law "provides that a person of unsound mind is under a legal disability which tolls the statute of limitations," *Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 722 (Tex. App. 2011), there is no indication in the record that Goosby fit the definition of a person of unsound mind for purposes of tolling the statute of limitations after he was declared competent to stand trial in March 2005.  As to Goosby's third argument, although he alludes to allegedly actionable behavior that occurred between April 2004 and May 2014, he provides no specific information about this behavior.

Given the above, this appeal lacks arguable merit.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, Goosby's motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.  This court's dismissal of this appeal as frivolous and the district court's dismissal of the complaint count as two strikes under 28 U.S.C. § 1915(g).  Goosby is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.