# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2026

Lyle W. Cayce
Clerk

No. 25-11048

Keamon J. David,

*Plaintiff—Appellant*,

*versus*

Lubbock County; Lubbock County Jail; Lubbock County
Detention Center,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CV-241

Before Jones, Richman, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Keamon J. David seeks to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his civil action. To proceed IFP, a litigant must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11048

David first asserts the district court erred in determining his claims were untimely filed. However, by failing to brief any challenge to the district court's determinations that a two-year statute of limitations applies and that his claims accrued on or about October 7, 2021, he has waived it. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). As it is undisputed his state court petition was filed in September 2024, David fails to raise a nonfrivolous issue with respect to the district court's conclusion that his claims were untimely filed. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

He also contends that equitable tolling of the limitations period is warranted because he suffered from impairments that precluded him from pursuing his civil action on a pro se basis and because his efforts to obtain counsel to represent him were unsuccessful. The district court determined that David forfeited his equitable tolling contention by raising it for the first time in his objections to the magistrate judge's report, rather than in his opposition to the defendants' motion for summary judgment. David asserts that equitable tolling should apply even if he raised the issue tardily and in a procedurally incorrect manner. As he has raised a nonfrivolous issue as to the district court's forfeiture determination, *see United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996), and is financially eligible to procced IFP, we GRANT his IFP motion. *See Carson*, 689 F.2d at 586.

However, David raised his equitable tolling contentions in unsworn filings that do not meet the requirements for a declaration under penalty of perjury established by 28 U.S.C. § 1746. Such filings are "incompetent to raise a fact issue precluding summary judgment." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). Even if, consistent with *Riascos*, the district court should have construed David's objections to the magistrate judge's report as a motion to amend a previous filing, any such amendment would have been futile in the summary judgment context; accordingly, there

is no reversible error. *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981).

Amendment would also have been futile because David's contentions fail to establish an entitlement to equitable tolling under the applicable Texas law. *See Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd.*, 670 S.W.3d 622, 628 (Tex. 2023); *Smith v. J-Hite, Inc.,* 127 S.W.3d 837, 843 (Tex. App. 2003); *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Federal courts may use equitable principles to fashion their own tolling provision in exceptional situations, *Slack v. Carpenter,* 7 F.3d 418, 420 (5th Cir. 1993), but lack of representation or familiarity with the legal process, ignorance of filing requirements, and illiteracy do not warrant equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

In view of the foregoing, we GRANT IFP but AFFIRM the district court's summary-judgment dismissal of David's civil action as time barred.